## W. T. ERWIN *v.* J. M. LOWERY and others.

Courts will not readily decide an answer to be *"frivolous"*: One by which it is *intended* to raise *a serious question, ex. gr.*, the effect of an endorsement by three out of four executors, of a note payable to their testator, is not frivolous.

Perhaps, *no notice of a motion* is required, where cases come on regularly for trial at a term of the Court.

CIVIL ACTION, tried before *Henry J.*, at December Special Term 1869 of BUNCOMBE Court.

The defendant Lowery was maker of the note sued upon, and the three defendants were three out of four of the executors of James R. Love deceased, the payee of such note. These executors had endorsed the note, and there was another executor, who had not joined in such endorsement.

The answer of such of the executors as were sued, relied upon the fact that all of them had not joined in the endorsement, as a defence to the action.

Upon the filing of such answer, the plaintiff moved for judgment, 1. against the executors sued, *as executors* ; and, upon that being refused, 2. against them, *personally.* This motion also was refused.

The plaintiff appealed.

*Phillips & Merrimon*, for the appellant.
*Battle & Sons, contra.*

RODMAN, J. In this case the plaintiff, considering the answer frivolous, moved the Court for judgment, under S. 218, C. C. P. That section requires five days notice, which was not given. No objection was made on that account, and we would be inclined to hold that there is no necessity for notice when the case comes on regularly for trial at a term of the court.

Was the answer frivolous? What is meant by a "frivolous" answer in the Code, is, one which is manifestly impertinent, as alleging matters which, whether true or not, do af-

fect the plaintiff's right to recover. In *Linwood* v. *Squire* 5 *Exch. (W. H. & G.)* 234, Parke, Baron, says, " I do not say that the plea is a good plea, as it is not necessary to decide that question, but a plaintiff has no right to sign judgment, if the plea raises a serious question, and one which is fit for discussion." In such a case the plaintiff, if he is willing to admit the allegations of the plea, should demur, in order that their effect may be determined. A general practice to determine the sufficiency of an answer on a motion for judgment *non obstante placito*, would be prejudicial to a defendant. Where the answer is put in good faith, and is not manifestly impertinent, he is entitled to have the facts alleged in it, either admitted by a demurrer, or passed on by a jury. To hold the contrary, would be to give the plaintiff an advantage. In this case the plaintiff must be deemed, according to S. 127, C. C. P. to have denied the new matter alleged in the answer, and the defendant may have had witnesses in attendance to prove them; if the judge should, before an ascertainment of the facts, decide the answer insufficient, and err in that decision, the expenses of another attendance by the witnesses, would be necessary, and perhaps, in the meantime their testimony might be lost. In this case we think the answer was not manifestly impertinent or frivolous. It was meant to raise a serious question, viz : the effect of an endorsement by three out of four executors of a promissory note payable to their testator.

We think the Judge was right in refusing both of the plaintiff's motions, at that stage of the case, and we think, instead of stopping the case on the appeal of the plaintiff, he should have gone on, and tried the issue made by the answer, under S. 127, C. C. P. If the verdict had been for the defendant, the plaintiff might still have moved for judgment, *non obstante veredicto*, and neither party would have been prejudiced.

As the case goes back for trial, it may be well for the plaintiff to consider the sufficiency of his Complaint.

McLENAN *v.* CHISHOLM.

Several defects were suggested on the argument—1. That it is uncertain whether the defendants are sued in their personal, or in their representative character: 2nd. It does not state whether the endorsement was before or after the maturity of the note: or 3rd, any consideration: 4th, any demand of payment: 5th, or make any allegations of a will.

We do not mean to intimate any opinion on the sufficiency of the complaint. The Courts are required by the Code to be liberal in allowing amendments, when the object is a fair and full statement of the grounds of action and defence.

Let this opinion be certified.

Remanded, at the costs of the appellant.

PER CURIAM.			Ordered accordingly.