GEORGE W. SWEPSON *vs.* JOHN C. HARVEY *et al.*

1. If the defences set up in an answer are worthy of consideration, they cannot be deemed frivolous.

2. In such case the plaintiff should reply or demur, and if the demurrer be overruled, it becomes the duty of the Judge to allow him to plead over, unless it is manifest that such demurrer is frivolous, does not raise any question of law worthy of serious consideration, and is interposed merely for delay.

3. The spirit and intent of the Code is that actions shall be tried as speedily and cheaply as possible and upon their merits.

4. An answer to a complaint on a covenant for the payment of money, executed by the defendants, and alleged to have become the property of the plaintiff by successive assignments, which alleges that there was a condition underwritten said covenant, to make it void if the land for which the covenant was given, was subject to incumbrances, and that at the time of the execution of the same, said land was subject to the lien of an execution against the covenantee, and further, that the assignment of the covenant from the covenantee was procured by duress and fraud, and while the covenantee was mentally incapacitated to contract, and that the plaintiff took his assignment with full knowledge of these facts, and that the plaintiff had caused a previous action on the same in the name of the covenantee, to be brought, which had been dismissed, and had filed a bill to compel the covenantee to allow the use of his name for that purpose, which had also been dismissed, and that afterwards the defendant had after a full account with the covenantee procured his release of the cause of action, *Held* that such defences are not frivolous, but are worthy of serious consideration.

The case f *Erwin* v. *Lowery*, 64 N. C. R , 321, cited and approved.

This was a civil action, tried before His Honor, Judge Tourgee, at Fall Term 1871 of Alamance Superior Court.

The action was based upon a bond for the payment of money, and the defendants filed an answer to the effect stated in the 4th syllabus. The plaintiff moved for judgment, as by default, treating the answer as impertinent and frivolous.

GEORGE W. SWEPSON *v.* JOHN C. HARVEY.

This view was sustained by His Honor, who rendered judgment accordingly, and the defendants appealed.

*W. A. Graham, J. A. Graham & J. W. Graham* for the appellant, relied on *Erwin* v. *Lowery*, 64 N. C., 321.

*Phillips & Merrimon, Dillard & Gilmer* and *Scott & Scott* for the appellee.

RODMAN, J. In this case the plaintiff moved for judgment on his complaint on the ground that the defences set up in the answer were frivolous. What is meant by a frivolous answer is defined in *Erwin* v. *Lowery*, 64 N. C., 321.

It is there said if the defences set up in the answer are worthy of serious consideration, they are not frivolous. Clearly the defences set up in the answer in this case are worthy of serious consideration. It is the duty of the plaintiff to demur or reply to the several defences as he may be advised. He cannot get the opinion of a Court on the merits of the defences on the pretence that they are frivolous. If he demurs, and his demurrer is overruled, the Code leaves it to the discretion of the Judge to allow him to answer or not. We think it is the duty of the Judge always to allow a party to plead, after his demurrer is overruled, unless it is manifest that the demurrer was merely frivolous, did not raise any question of law worthy of serious consideration, and was interposed merely for delay. The spirit and intent of the Code is, that all actions shall be tried as speedily as possible, as cheaply as possible, and upon their merits. Keeping these subjects steadily in view, all amendments of pleadings, and repleadings must be liberally allowed, which tend to promote them, and those only denied which tend to defeat them.

There was error in the judgment below which is reversed, and the case is remanded to be proceeded in according to law. The defendant will recover costs in this Court.

PER CURIAM.                          Judgment reversed.