THE FARMERS & MERCHANTS BANK OF BALTIMORE v. THE BOARD OF ALDERMEN OF THE CITY OF CHARLOTTE.

A denial of the allegations of the complaint, made in the form prescribed, *i. e.*, of any knowledge or information thereof, sufficient to form a belief, being allowed by the Code of Civil Procedure, raises, when interposed, a sufficient issue; and such answer is not subject to the objection of being insufficient or frivolous.

(The cases of *Erwin* v. *Lowrey*, 64 N. C. Rep. 321; *Swepson* v. *Harvey*, 66 N. C. Rep. 436, cited and approved.)

CIVIL ACTION, upon a bond, heard before his Honor, Judge SCHENCK, at Spring Term, 1876, of MECKLENBURG Superior Court.

The plaintiff moved for judgment upon the ground that the answer filed was frivolous and irrelevant.

The facts necessary to an understanding of the case are substantially stated in the opinion of the Court.

The motion was overruled and the plaintiff appealed.

*Shipp & Bailey,* for appellant.
*Jones & Johnston,* contra.

SETTLE, J. The counsel for both parties upon the argument here, stated that the sole question for this Court is—whether the answer is insufficient or frivolous?

The alleged insufficiency is in that part of the answer which says that, " the defendant has no knowledge or information sufficient to form a belief in regard to the truth of the allegations contained in the third section of the complaint ; " which third section is as follows : "That the same, (the note sued on,) was afterwards and before maturity, to-wit : on the 12th of April, 1875, assigned and endorsed, for value, by said Bank of Mecklenburg, to the plaintiff, a corporation under the laws of the United States."

The statute gives the defendant the alternative, either to

deny the plaintiffs allegations, or to deny any knowledge or information thereof sufficient to form a belief. Bat. Rev., chap. 17, sec. 100.

The language of the Act can admit of but one construction; and an answer in the latter form is not affected by section 127 of the same chapter.

This Court has held that an answer cannot be deemed frivolous when it raises a serious question or one worthy of consideration. *Erwin* v. *Lowrey*, 64 N. C. Rep., 321; *Swepson* v. *Harvey*, 66 N. C. Rep., 436.

To the same effect are the decisions from other States, upon the same language in the code.

" A denial of the allegations of the complaint, made in the form prescribed, *i. e.*, of any knowledge or information thereof sufficient to form a belief, being allowed by the code, raises, when interposed, a sufficient issue." 2 Whitaker's Pr., section 176, and cases there cited. And in *Caswell* v. *Bushnell*, 14 Barb., 273, it is held that when a defendant in his answer which is sworn to, denies any knowledge or information sufficient to form a belief as to the truth of an allegation in the complaint, the plaintiff cannot, on affidavits showing that the fact alleged was within the knowledge of the defendant, move to strike out the answer as sham, false and frivolous.

The judgment of the Superior Court is affirmed.

Let this be certified, &c.

PER CURIAM.                          Judgment affirmed.