JORDAN WOMBLE, Administrator v. A. W. FRAPS.

*Pleading--Frivolous Answer.*

1. Where an answer is put in in good faith and is not clearly impertinent, the defendant is entitled to have the facts alleged in it either admitted by demurrer, or tried by a jury.

2. Where, in an action by an administrator against the defendant on a note upon which he was surety, he answered that the principal obligor had been discharged in bankruptcy and that his assignee had received a considerable sum as assets of his estate, and further that since his bankruptcy the obligee (plaintiff's intestate) had become indebted to him which indebtedness it had been considered should go to the satisfaction of said note, and asked for an account, &c.; *Held*, that the Court below erred in adjudging the answer frivolous and giving judgment for plaintiff.

(*Erwin* v. *Lowery*. 64 N. C. 321 ; *Swepson* v. *Harvey*, 66 N. C. 436 ; *State Bank* v. *Wilson*, 1 Dev. 484, cited and approved.)

CIVIL ACTION tried at Spring Term, 1877, of WAKE Superior Court, before *Buxton, J.* The plaintiff as administrator (with the will annexed) of Henry Hesselbach, alleged, that on the 2d day of June, 1873, the defendant and one Phil. Thiem executed a joint note to Hesselbach for $800, and that no part thereof had been paid except the interest up to the 1st day of March, 1875, and demanded judgment for the amount due thereon. The defendant admitted the execution of the note on his part as surety to Thiem, but has received no benefit therefrom. He further alleged that Thiem filed his petition in bankruptcy in 1874, and that his effects, amounting to a considerable sum, went into the hands of his assignee for the benefit of his creditors, and he is not informed as to the sum received to be applied to said note ; that since the bankruptcy of Thiem, the plaintiff's testator, (Hesselbach), became largely indebted to Thiem ; that Hesselbach, before his death, considered that said sum should go to the satisfaction of the note sued on, and said

that the note had as well be destroyed; that an account might be taken to ascertain the amount due, if any, upon said note. When the case was called for trial, the plaintiff moved for judgment on the pleadings upon the ground that the answer was frivolous. His Honor allowed the motion and the defendant appealed.

*Mr. A. M. Lewis,* for plaintiff.
*Mr. Armstead Jones,* for defendant.

BYNUM, J. When the answer is put in in good faith, and is not clearly impertinent, the defendant is entitled to have the facts alleged in it either admitted by a demurrer or passed on by a jury. The courts do not encourage the practice of moving for judgment upon the answer as being frivolous. *Erwin* v. *Lowery,* 64 N. C., 321; *Swepson* v. *Harvey,* 66 N. C. 436.

The defendant here is placed at a disadvantage. He is a surety only, the principal being a bankrupt and the obligee being dead. He cannot therefore speak with precision or certainty in his defence. But he is entitled to all the defences of his principal; and he alleges, (1) that the assignee of his bankrupt principal received a considerable sum of money by the sale of his effects which has been received and is applicable to this debt; and (2) that since the bankruptcy of Thiem, Hesselbach, the creditor, became indebted to Thiem, the principal debtor, in a large sum which should go as a credit on the note, and that Husselbach considered the note as discharged in this way, and so declared a short time before his death; and the defendant prays that an account may be taken as to these payments and credits, to which he is entitled, so that the true balance may be ascertained.

We do not think these defences are manifestly frivolous, but that they do raise questions worthy of consideration;

and, if true, they will entitle the defendant either to an account, or a trial by jury, as to these alleged credits or payments. These defences are vaguely stated, but it does not seem intentional, but in good faith. And it is true that Thiem, having been discharged in bankruptcy from the payment of the Hesselbach debt, was not compellable in law to pay it ; and Hesselbach, having since become indebted to Thiem, could not, without the consent of Thiem, credit his note with this indebtedness so as to discharge it ; yet it might be a question whether the parties had not agreed between themselves that the note should be so discharged. It is not probable that Hesselbach holding this note on Thiem, would become indebted to him without some arrangement for discharging the new debt, by applying it in discharge of his own note on Thiem. Hence it probably was, that Hesselbach considered his note as discharged, and said he had as well destroy it. The declarations of a creditor that his debt is discharged, is *prima facie* evidence of payment. *State Bank* v. *Wilson,* 1 Dev. 484. We think the answer is not clearly frivolous, but the plaintiff has the right to require it to be made more specific and certain in its allegations of defence. Cause remanded, to be proceeded with according to this opinion.

Error.

PER CURIAM.                                    Judgment reversed.