HULL, LANIER & CO. v. M. E. CARTER and others.·

*Frivolous Pleadings.*

1. An answer should never be held frivolous unless it be so clearly and palpably bad as to require no argument or illustration to show its character.

2. Defendants being sued as acceptors to several bills of exchange answered that they accepted the same for' the accommodation of the drawer, without having any funds of his in their hands, and in reliance upon a promise of the plaintiffs, on condition of securing the debt (already due) by their acceptances, to sell other goods to the drawer on credit, which was refused, whereby, it was claimed, the defendants were discharged of all liability on such acceptances ;

*Held,* under the foregoing rule, that the averments of such answer were not so disconnected from the subject-matter of the complaint or so deficient in substance or form as to be pronounced frivolous.

(The court strongly intimates that.no appeal·lies from a·refusal·to overrule and disregard a pleading as being frivolous.)

*Erwin* v. *Lowery*, 64 N. C., 321 ; *Womble* v. *Fraps*. 77 N. C., 198 ; *Swepson* v. *Harvey*, 66 N. C,, 436, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of BUNCOMBE Superior Court, before *Schenck, J.*

There were three actions pending between the parties on appeal from judgments rendered by a justice of the peace. By consent of parties, they were consolidated· and pleadings filed. The plaintiffs' counsel moved to strike out the answer as frivolous and irrelevant and for judgment. The court overruled the motion and the plaintiffs appealed.

*Mr. Jas. H. Merrimon*, for plaintiffs.
*Messrs. Reade; Busbee & Busbee*, for defendants.

DILLARD, J. An answer should contain a denial of the material facts or some of them in the plaintiffs case, without which his cause of action could not be maintained, or

set up new matter constituting a *defence* formerly a plea in bar or dilatory, or making a case for affirmative relief by counter-claim, C. C. P., §§ 100, 101, and sub-divisions under each. If the answer present new matter which is pertinent and *bona fide* relied on, as looking to and making up a complete defence, then the question is as to its legal sufficiency to constitute the supposed defence, and the regular mode to settle the question is by demurrer.

An answer should never be held frivolous and judgment given in disregard of it, unless, as stated in some of the New York cases, it be "so clearly and palpably bad as to require no argument or illustration to show its character," or in other words, such as to be capable of being pronounced frivolous or indicative of bad faith in the pleader on *bare inspection.* *Strong* v. *Sproul,* 53 N. Y., 497; *Young* v. *Kent,* 46 N. Y., 672. See also cases in North Carolina, *Erwin* v. *Lowery,* 64 N. C., 321; *Womble* v. *Fraps,* 77 N. C., 198; *Swepson* v. *Harvey,* 66 N. C., 436, and *Brogden* v. *Henry,* at this term.

In this case there were three appeals from a justice's court afterwards consolidated into and tried as one in the superior court, and each one was grounded on a draft drawn by W. E. Davidson in favor of the plaintiffs, and accepted by defendants. The answer admits the acceptances and that the consideration of the drafts as between the drawer and plaintiffs was a true past indebtedness for merchandise sold by plaintiffs to the drawer, and they aver that as to themselves they had no funds of the drawer in their hands and accepted the drafts for the drawer's accommodation and in reliance upon an alleged promise of the plaintiffs on condition of security for the debt already due by their acceptances, to sell other goods to the drawer on a credit as before, which they allege was refused and thereby they claim a discharge of all liability on their said acceptances.

The averments in the answer relied on as making a defence for defendants have certainly a connection with the

cause of action set forth in the complaint, and as to their sufficiency in substance or form, it is not proper for us to express or intimate an opinion, but all we mean to say is, that under the rule as above laid down on the subject of frivolousness, the matters set up are not so clearly and palpably bad as to be capable of being pronounced frivolous or indicative of bad faith in the pleader on bare inspection and therefore unworthy of argument.and consideration.

Without deciding the question of the rightfulness of the appeal from the refusal of the court below to hold the answer frivolous, with, however a strong impression that it is not appealable, we hold there is no error in the judgment of the court upon the character of the answer and the judgment of the court must be affirmed, and this will be certified that a trial may be had according to law.

No error. Affirmed.