W. H. DAIL & BRO. v. R. H. T. HARPER.

*Frivolous Pleadings.*

1. A frivolous answer is one which is manifestly impertinent as alleging matters which do not affect the plaintiff's right to recover.

2. Where the complaint is upon a bond for the payment of money only, an answer thereto which alleges that the bond was given for store accounts for the years 1875–'76–'77 and '78, upon contracts to pay interest on the account of each year at the rate of eight per cent, without any stipulation in writing as to such rate, and which insists upon the defence of usury, cannot be deemed frivolous.

(*Com'rs* v. *Piercy*, 72 N. C., 181; *Erwin* v. *Lowery*, 64 N. C., 321, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1880, of GREENE Superior Court, before *Avery, J.*

The opinion contains facts necessary to an understanding of the case. Judgment for the plaintiffs, appeal by the defendant.

*Mr. W. T. Faircloth,* for plaintiffs.
*Mr. W. C. Munroe,* for defendant.

DILLARD, J. The plaintiffs declare in this action in two counts, one on a bond dated the 5th of February, 1876, for $329.48, and the other on a bond dated the 16th of April, 1879, for $1,282.51, each one containing a stipulation on its face for the payment of interest at the rate of eight per centum per annum from their respective dates. On the filing of the complaint at the return term of the summons, the defendant put in a demurrer to the first count, upon the ground that the bond therein described contained an engagement on its face to pay eight per cent without setting forth in terms, that the same was for the loan of money. His Honor, on the argument, sustained the demurrer and adjudged that the omission to state in the bond that the consideration thereof was money lent, in law worked a forfeiture of all interest thereon, but not of the principal money.

The defence set up by answer to the count on the second bond is, that defendant was indebted to plaintiffs on store

accounts for the years 1875–'76–'77 and '78, upon contracts to pay interest on each at the rate of eight per cent without any stipulation in writing as to such rate, and that said bond was executed for the aggregate amount of said four years dealings, with interest added on each at said rate, and thereby it is claimed that in law the bond is vitiated and made null, so that no recovery can be had thereon either of principal or interest, or if it be not void *in toto*, then upon the said facts, there is an entire forfeiture of the interest, as well as that charged and put into the bond, as that accrued on the bond since its date.

After sustaining the demurrer to the first count, the effect of which was to disallow any interest on the bond described therein, His Honor, on motion of the plaintiffs for judgment on the pleadings, adjudged the answer of defendant as to the second count, to be frivolous, and ordered it to be stricken from the record, and thereupon rendered judgment in favor of the plaintiffs for the aggregate principal of both of the bonds, with interest at six per cent on the first one described in the complaint from the rendition of judgment, and with interest on the second one, at eight per cent from the date of the note.

From this judgment the appeal is taken by defendant, and the only question for our consideration is whether it was error in the court below to hold the answer of defendant to be frivolous, and thereupon, after striking it from the record, to proceed to judgment for want of answer, instead of having the legal sufficiency of the defence set up in the answer tested by demurrer.

In general, when an answer is filed containing facts constituting a defence, and not amounting to a counter-claim, the same is deemed to be controverted, and thus a statute-issue is formed, without the necessity of a reply, and it stands for trial by a jury. But if the matter in defence be thought by plaintiff to be frivolous or irrelevant, there are

two ways open to him.   He may demur, which is the more regular course, and thus make the question arising on the facts admitted thereby one of law to the court, or if the facts pleaded be deemed frivolous or irrelevant, the court has the power, in a proper case, to adjudge them to be such, and in disregard of the answer to proceed to judgment.   C. C. P., § 120, and *Com'rs of Yancey* v. *Piercy,* 72 N. C., 181.

But when is an answer frivolous? and was the answer stricken from the record in this case so frivolous in the proper legal sense as to warrant its disregard on the plaintiff's motion for judgment?

In *Erwin* v. *Lowery,* 64 N. C., 321, a frivolous answer in a true legal sense is settled to be one "which is manifestly impertinent, as alleging matters which whether true or not do not affect the plaintiff's right to recover," and the rule is therein laid down, that when the answer is filed in good faith and the matter of it is not *manifestly* impertinent, the defendant is entitled to have the facts alleged therein admitted by demurrer or passed on by a jury.

Tested by the rule laid down in the case cited, it seems to us that the matters set up in the answer were not manifestly irrelevant or immaterial to the claim of the plaintiffs on the bond described in the second count.   It is averred in the answer, that interest at eight per cent on two of the four accounts included in the bond, to-wit, those between 22nd of March, 1875, and 12th of February, 1877, were debts created with a promise in parol to pay interest thereon at the rate of eight per cent, and that the incorporation of interest at that rate into the bond tainted the entire bond and rendered it entirely void; and whether the bond was thus invalidated in whole or part was a question pertinent to the subject matter of the action.

And it is also alleged that the illegal rate of interest included in the bond, if not calling for the legal conclusion of invalidity of the whole bond, at least worked a forfeiture

of all the interest that was incorporated into the bond, as well as all such as may have accrued on the bond since its execution, under chapter 91, section 3, of laws of 1876–'77, and how the matter in law may be, in the language of the case of *Erwin* v. *Lowery, supra,* is a "serious question and one fit for discussion."

We have not ourselves formed any definite opinion upon the legal questions arising on the defences made, and do not intend to intimate any, but we merely decide that the matters alleged in defence were such that the judge should have let the issues made by statute been tried by a jury, unless the plaintiff by admitting the same on demurrer had chosen to transfer the question of law to the court. The judgment of the court below is reversed and this will be certified that a trial may be had according to this opinion.

Error.                                                    Reversed.