The complaint was as follows:
"1. That the plaintiff is a corporation duly chartered and organized under the laws of North Carolina.
"2. That heretofore the defendant Natt Atkinson made his promissory note, in writing, in words and figures as follows:
"`$1,284. ASHEVILLE, N.C. 14 January, 1893.
"`Five months after date, without grace, for value received, I promise to pay to the order of P. F. Patton twelve hundred and eighty-four dollars, borrowed money, negotiable and payable at the Western Carolina Bank, Asheville, N.C. with interest, after maturity, at the rate of eight per cent per annum. NATT ATKINSON.
"`Due 14 June, '93.'
"And thereby promised to pay to the order of the defendant P. F. Patton the said sum of $1,284, as aforesaid, on 14 June, 1893. *Page 352 
"3. That thereafter the defendant P. F. Patton indorsed the said note and delivered the same so indorsed.
"4. That thereafter the defendants C. E. Graham and N. A. Reynolds indorsed the said note and delivered the same so indorsed; and thereafter, and before its maturity, the said note lawfully came into the hands of the plaintiff, for value, and the said plaintiff is now (479) the holder and owner of the same.
"5. That at the maturity of said note it was duly presented for payment, but was not paid, of all which all the defendants had due and sufficient notice.
"6. That no part of said note has been paid.
"Wherefore, the plaintiff demands judgment against the defendants for the said sum of $1,284, with interest thereon from 14 June, 1893, and the costs of this action."
The defendants Atkinson, Graham and Reynolds filed no answer.
The defendant P. F. Patton, separately answering the complaint of the plaintiff, says:
"1. That as to the allegations contained in the first paragraph of said complaint, he has no knowledge or information sufficient to form a belief, and he therefore denies the same to be true.
"2. That the allegations contained in the second paragraph thereof he admits to be true.
"3. In answer to the third paragraph of said complaint, this defendant says that he admits indorsing the note referred to in the second paragraph of said complaint, but denies indorsing the said note to the plaintiff Western Carolina Bank.
"4. That as to the allegations contained in the fourth paragraph of said complaint, this defendant has no knowledge nor information sufficient to form a belief; therefore he denies the truth of the same.
"5. That the allegations set forth in the fifth paragraph of said complaint are not of this defendant's knowledge, nor has he sufficient to from a belief as to the truth thereof; he therefore denies the same to be true.
"Wherefore, the defendant P. F. Patton prays judgment that he be allowed to go without day and recover his costs, to be taxed by the clerk."
This answer was adjudged to be frivolous, and judgment was (480) rendered against all the defendants, according to the prayer of the complaint, and Patton alone appealed.
In Hall v. Carter, 83 N.C. 249, it is said that "an answer should never be held frivolous, and judgment given in disregard of it, unless, as stated in some of the New York cases, it be so clearly and palpably bad as to require no argument or illustration to show its character, or, in other words, such as to be capable of being pronounced frivolous or indicative of bad faith in the pleader on bare inspection." It cannot be said that this answer, on bare inspection, indicates bad faith in the pleader, for in the fourth paragraph it formally denies that the plaintiff is the owner and holder of the note sued on, and thus properly put him to proof of that fact, which is essential to his recovery. True, that fact may be established by the mere production of the note on the trial of the issue thus raised (Pugh v. Grant, 86 N.C. 39), but, by the rules of evidence under the pleadings in this action, that formal act must be done before the defendant is required to rebut the presumption of ownership which arises from the mere possession of the instrument. Pugh v. Grant, supra.
Error.