## C. F. YOUNCE v. BROAD ROAD LUMBER COMPANY.

(Filed 25 May, 1908.)

**Pleadings—Demurrer—Contracts Assumed for Performance.**

> A demurrer to a complaint, in an action for damages for breach of contract, for that it does not allege a contract or agreement between the parties to the suit, though not frivolous, will not be sustained when it is alleged that the defendant had taken over the contract made by others with the plaintiff and had expressly agreed with him to fully perform it, and failed to comply with such agreement.

ACTION heard on demurrer to plaintiff's complaint, before *Peebles, J.,* at October Term, 1907, of RUTHERFORD.

The court overruled the demurrer, holding that the same was frivolous, and for that reason declined to allow defendant to answer same. Defendant excepted and appealed.

*McBrayer, McBrayer & McRorie* for plaintiff.
*Gallert & Carson* for defendant.

HOKE, J. The plaintiff filed a verified complaint and alleged that he, with one Pink Presnell, had entered into a valid contract with one J. Middleby, Jr., to cut into lumber all the merchantable timber on a tract of land known as the Listenbury tract, containing about 1,203 acres, at so much per thousand feet, and plaintiff had become the sole owner of Presnell's interest in the contract, and filed the contract as an exhibit, making the same a part of his complaint; that plaintiff entered on the performance of the contract and had been and was ready and willing to carry out the same according to

the terms thereof; that some time after, to-wit, the latter part of May, said Middleby contracted to sell said lands and timber growing thereon to B. E. Cogbell and D. A. Ritchie, and at said time said Cogbell and Ritchie expressly assumed said contract, expressed in Exhibit A, with this plaintiff, and expressly agreed to carry out the terms and provisions of same in the same manner as Middleby had obligated himself to do; that these parties did comply with said contract in all substantial particulars until October, 1906, when the defendant company "took over the contract from the said Cogbell and Ritchie and expressly agreed with the said Middleby, Jr., to carry out said contract and every feature thereof" with this plaintiff until all the timber on said tract should be cut, etc.; that plaintiff continued to cut and saw timber, according to the terms of the contract, after defendant company acquired the ownership of said land and timber and assumed the liabilities and obligations of the contract, until defendant, in June, 1907, forbade plaintiff from sawing said timber or further complying with the contract concerning it; that at the time defendant wrongfully forced plaintiff to stop cutting there was a large amount of timber uncut, to the extent of over six million feet, and plaintiff was greatly damaged, etc., by defendant's wrong.

The demurrer of defendant was to the effect that the complaint does not show facts sufficient to constitute a cause of action, in that no contract or agreement is alleged between plaintiff and defendant. We have held, in the case of *Biggers v. Matthews,* 147 N. C., 299, that one who bought property about which two others had contracted did not come under personal obligation to pay or perform the contract by reason of buying the property, without more. But the allegations of the complaint are not only that defendant had bought the property, but that it had "taken over the contract from said Cogbell and Ritchie and expressly agreed with Middleby, Jr., to carry out the contract and every feature thereof with

the plaintiff according to the contract, Exhibit A"; further, that "defendant has assumed the liability and obligations of the contract" (complaint, sec. 5). And while it is the general rule that "rights, when coupled with liabilities under an executory contract for personal services, or under contracts otherwise involving personal credit, trust or confidence, cannot be assigned," this limitation on the assignability of contracts only arises or exists for the benefit of the other party; and if such party—here the plaintiff, as he did in this instance—assents to the assignment, the position can no longer be insisted on. Clark on Contracts, pp. 360-364; Anson on Contracts, pp. 287, 288.

We have had occasion, in the case of *Railroad v. Railroad,* 147 N. C., 368, to discuss at some length the doctrine involved in this exception of defendant, and do not consider that further expression on the subject is now required. A proper application of the principles of that decision will sustain the position that, when defendant bought the land and timber and "took over the contract concerning it, and expressly agreed with Middleby, Jr., to carry out the contract with plaintiff and every feature thereof," and plaintiff assented to this assignment, said defendant then and there came under its obligations, and, on a wrongful breach of same on its part, must account in damages. The court below, therefore, made a proper order in overruling the demurrer. We hold, however, that there was error in the ruling that the demurrer was frivolous—that is, one that raises no question for serious consideration, and so clearly untenable as to give indication that it was only interposed for purposes of delay. *Swepson v. Harvey,* 66 N. C., 436; 6 Pl. and Pr., p. 385. We are of opinion that the defendant should have been allowed to answer over, and it is so ordered.

Reversed.