NEW BERN BANKING AND TRUST COMPANY v. R. N. DUFFY.

(Filed 27 September, 1911.)

1. Pleadings — Demurrer — Corporate Existence — Sufficient Averment.

A demurrer to a complaint, in an action against the maker of a note, brought by a bank, an indorsee for value, which was entered upon the ground that the corporate existence of the plaintiff had not been alleged, will not be sustained when it appears from the averments of the complaint that the defendant had dealt with the plaintiff as if it had a lawful right to contract with him, and that he impliedly admitted its corporate existence by indorsing the note to it as acting in a corporate capacity.

2. Pleadings—Demurrer—Notes—Default of Interest—Maturity—Demand—Evidence—Summons.

In an action brought upon a note before its maturity under a provision that the note would be due and payable ten days after demand for payment of interest thereon due, a demurrer to the complaint will be denied when there are allegations that demand had been made for the payment of interest after default, which necessarily implies that the demand was made on the defendant, and that the same had not been paid; and it appears from an inspection of the summons, which it is proper for the court to make in such instances, that the stated period of time had elapsed before the institution of the action.

3. Pleadings—Interpretation—Cause of Action—Demurrer.

The allegations of a pleading will be liberally construed in favor of the pleader for the purpose of ascertaining its meaning and determining its effect, with a view of doing substantial justice between the parties (Revisal, sec. 495), and if it can be seen from its general scope that a party has set out a cause of action or defense, though inartificially stated, he will not be deprived of it upon demurrer.

4. Same—Motion.

There should be at least substantial accuracy in the averments of pleadings, and a compliance therein with the essential rules in the science thereof, so that the real issues may be evolved from the controversy; and should there be any formal defect in this respect which renders the pleadings unintelligible, or should the precise nature of the charge or defense be not apparent by

reason thereof, the remedy is by motion (Revisal, sec. 496) and not upon demurrer, except in certain cases in which the pleading can only be cured by amendment.

### 5. Pleadings—Interpretation—Demurrer—Frivolous—Practice.

The courts do not encourage the practice of parties moving for judgment upon an answer or demurrer upon the ground that they are frivolous, and if it raises a question, whether of law or fact, fit for consideration or discussion, a judgment upon that ground will be denied.

APPEAL by defendant from *Ferguson, J.,* at May Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Moore & Dunn for plaintiff.*
*Simmons & Ward for defendant.*

WALKER, J. This is an action upon a note, originally made by R. N. Duffy and A. C. Burnett to D. H. Green, and by the latter indorsed for value to the plaintiff. In a former suit we directed that a judgment be entered against R. N. Duffy and that the cause proceed against D. H. Green, for whom a new summons was issued and executed. A. C. Burnett has never been served with process and is, therefore, not a party to the suit so as to be bound by any judgment therein. The facts are stated in a case by the same title, 153 N. C., 62.

Defendant demurred to the complaint upon the following grounds: 1. That the corporate existence of the plaintiff is not alleged. It appears by allegations of the complaint, that defendant, D. H. Green, dealt with the plaintiff as if it had lawful right to contract with him and he indorsed the paper to plaintiff, thereby impliedly admitting that it is a corporation, as it purported to be. In *Ryan v. Martin,* 91 N. C., 465, *Judge Merrimon* said: "It is true that it must appear that there was a corporate existence, either *de jure* or *de facto* at least. And if the corporation itself were suing, it would be necessary for it to prove its charter, and an organization in accordance therewith, if these matters were properly put in issue. But if a person entered into a contract with a body purporting

to be a corporation, or which claims to hold property pur-
chased, and derives title thereto from it, this is *prima facie*
evidence against such person that such corporation was in exist-
ence, *de facto* at least, at the time of the contract with or pur-
chase from it, and the presumption arises in such case that the
existence of the corporation continues at the bringing of the
action.   Accordingly, it has been held in an action against the
maker of a promissory note executed to a corporation as payee,
in its corporate name, that the production of the note duly
indorsed to the plaintiff was sufficient evidence that the corpo-
ration was duly organized and competent to transact business.
*Williams v. Cherry,* 3 Gray, 215, 220.   It was said in that
case that the defendants, by giving their notes to the corpora-
tion in their corporate name as payees, admitted their legal
existence and capacity to make and enforce the contracts de-
clared on, so far at least as to render proof on that point un-
necessary in the opening of the plaintiff's case."   So in *Stanly
v. R. R.,* 89 N. C., 331, it was held that a railroad company in
a suit against it may be designated as a company by its cor-
porate name, without an averment of its corporate capacity;
and if this is disputed, it should be by answer and not by de-
murrer.   Where the defendant's counsel insisted that a declara-
tion describing the defendant as a company, without showing
whether or not it was a corporation, was open to a demurrer,
*Mr. Justice Maule* said:   "There is no positive rule, that I am
aware of, which requires such a mode of description as the de-
fendant's counsel insists upon in this case, nor is the description
which is given at all out of the usual form.   *It impliedly
amounts to an allegation that the defendant is a corporate
body."*   *Wolfe v. Steamboat Company,* 62 E. C. L., 103.

The note was to become due at a day certain, with a pro-
vision that if there was a default in payment of any install-
ment of interest at its maturity, and for ten days after a de-
mand, plaintiff might sue upon the note before the day fixed
for its maturity.   Plaintiff alleged that demand had been made
for the payment of interest after default, and that the same
has not been paid.   It is argued by the defendant's counsel
that there is neither an allegation that demand was made upon

this defendant nor that, if made, ten days had expired before
this suit was commenced, so as to bring the demand within the
terms and requirements of the bond.    The record shows that
the suit was begun on 20 April, 1911, and summons served on
24 April, 1911.    We may look at the summons to ascertain
this fact.    *Harrington v. Wadesboro,* 153 N. C., 437, where a
learned discussion of the subject by *Justice Hoke* will be found,
backed by a copious citation of authorities.    So that this
ground of demurrer is not true in fact.    That the demand was
made upon this defendant, D. H. Green, sufficiently appears in
the complaint.    He is now the only defendant, and we cannot
assume that the plaintiff made a demand upon some one who
did not owe the debt, or upon a person who had not been sued.
The allegation, by fair construction and intendment, means
that it was made upon D. H. Green.    We have had occasion to
state the rule by which, under The Code, a pleading should be
construed so as to ascertain its meaning, and it is to this effect:
The uniform rule prevailing in our present system is that, for
the purpose of ascertaining the meaning and determining the
effect of a pleading, its allegations shall be liberally construed,
with a view to substantial justice between the parties.    Revisal,
sec. 495.    This does not mean that a pleading shall be con-
strued to say what it does not, but that if it can be seen from its
general scope that a party has a cause of action or defense,
though imperfectly alleged, the fact that it has not been stated
with technical accuracy or precision will not be so taken against
him as to deprive him of it.    *Buie v. Brown,* 104 N. C., 335.
As a corollary of this rule, therefore, it may be said that a com-
plaint cannot be overthrown by a demurrer unless it be wholly
insufficient.    If in any portion of it, or to any extent, it pre-
sents facts sufficient to constitute a cause of action, or if facts
sufficient for that purpose can be fairly gathered from it, the
pleading will stand, however inartificially it may have been
drawn, or however uncertain, defective, or redundant may be
its statements; for, contrary to the common-law rule, every
reasonable intendment and presumption must be made in favor
of the pleader.    It must be fatally defective before it will be re-
jected as insufficient.    4 Enc. Pl. and Pr., p. 74 *et seq.; Stokes*

*v. Taylor,* 104 N. C., 394; *McEachin v. Stewart,* 106 N. C., 336; *Halstead v. Mullen,* 93 N. C., 252; *Purcell v. R. R.,* 108 N. C., 414; *Holden v. Warren,* 118 N. C., 327. There should, of course, be at least substantial accuracy in the averments. *Morton v. McDevitt,* 122 N. C., 755. It is also required that there should be not only certainty, but clearness and concise-ness, and a compliance with the other essential rules in the science of pleading which have been adopted for the purpose of evolving the real issues from the controversy; but if there is any formal defect in this respect which renders the pleading unintelligible, or the precise nature of the charge or defense be not apparent by reason thereof, it can be corrected on motion (Revisal, sec. 496), or in some case where there is a defective statement, as the omission of a necessary allegation, which can be cured by amendment, a demurrer will lie. *Bowling v. Bur-ton,* 101 N. C., 176; *Mizzell v. Ruffin,* 118 N. C., 69; *Ladd v. Ladd,* 121 N. C., 118; *Blackmore v. Winders,* 144 N. C., 212.

Tested by this rule, the complaint, while not very explicit in its statements, is sufficiently so to resist and repel the attack of a demurrer.

We will not adjudge this demurrer to be frivolous, as the plaintiff alleges it to be, but it narrowly escapes such a con-demnation. The able and ingenious argument of the learned counsel has convinced us that it should not be so characterized, and has thus rescued it from the fate to which we have been asked to consign it. We have held that a pleading will not be adjudged frivolous, irrelevant, or impertinent, so as to entitle the other party to a judgment *non obstante placito,* unless it is clearly and palpably so. *Hull v. Carter,* 83 N. C., 249. If it raises a question, whether of law or fact, fit for consideration or discussion, we will not adjudge it to be irrelevant and as not standing in the way of a summary judgment upon the plead-ings. *Womble v. Fraps,* 77 N. C., 198. Even under the old system of pleading and practice, the courts hesitated to give judgment upon a pleading unless it plainly raised no real issue of law or fact, for *Baron Parke* said in *Linwood v. Squire,* 5 Exch. (W. H. and G.), 234: "I do not say that the plea is a good plea, as it is not necessary to decide that question, but

a plaintiff has no right to sign judgment if the plea raises a serious question and one which is fit for discussion." The. courts do not encourage the practice of moving for judgment upon an answer or demurrer as being frivolous. *Womble v. Fraps, supra; Swepson v. Harvey,* 66 N. C., 436; *Erwin v. Lowery,* 64 N. C., 321. The more recent cases upon this subject are collected in the excellent note of Judge Pell, in his annotations to section 472 of the Revisal, a reference to which will suffice, without further remark upon the decisions. We have found it necessary, in this case, to discuss the question presented by the demurrer, especially as to the demand, in order to decide it.

We find no error in the ruling of the court.