J. L. HARTSFIELD v. JAMES A. BRYAN AND HEIRS AT LAW OF JOHN HAYWOOD, DECEASED.

(Filed 5 March, 1919.)

**1. Clerks of Court—Judgments—Motions—Terms of Court.**

There are no terms or sessions of court for proceedings pending before the clerk, each case having its own return day; and a demurrer to a petition or written motion made and entitled in the original cause in proceedings for partition before the clerk to set aside a judgment therein, on the ground that it fails to state the term at which it was rendered, is bad.

**2. Motions—Judgments—Attorney and Client—Attorney in Fact—Principal and Agent—Demurrer—Form of Motion.**

While it is the better form for one making a written motion, as attorney at law and in fact for the heirs at law of the original owner, to set aside a judgment rendered by the clerk of the Superior Court, in proceedings for partition of lands, to first state the names of those he represents and then that he is acting for them in the capacity of attorney, the error in stating that he appears as attorney at law and in fact for certain named parties, etc., as the heirs at law of the deceased, is merely informal and harmless, and therefore good against a demurrer, it clearly appearing that the attorney is not claiming any interest in the lands for himself, but is solely acting in a representative capacity for the persons named.

**3. Pleadings—Statutes—Cause of Action—Demurrer.**

Under our Code system, a pleading will be sustained against a demurrer if, when liberally construed, the whole or any part thereof presents facts sufficient to constitute a cause of action, or if such facts can be gathered from it, though the pleader may not disregard the ordinary and familiar rule that the facts should be concisely and plainly stated, so that it may appear, at least, with reasonable certainty what is the controversy and what are the essential issues to be submitted to the jury, upon which the case may be tried on its merits.

**4. Appeal and Error—Court's Discretion—Both Parties in Default—Costs.**

In this case, where a demurrer was filed before the clerk to a written motion asking to set aside a judgment in proceedings for the partition of lands, it is *Held,* as the demurrer would probably not have been interposed

if the petition had been drawn with more regard for the rules of pleading, as to certainty and precision, both parties are somewhat in default, and the court, in the exercise of its discretion, directs the costs of the appeal to be equally divided between them.

CLARK, C. J., did not sit.

APPEAL by defendant Bryan from *Whedbee, J.,* at November Term, 1918, of CRAVEN.

This is a petition, or written motion, in the above entitled special proceeding, for partition, to set aside the judgment rendered therein on 6 February, 1900, by the clerk of the Superior Court, by which the lands were ordered to be sold. The sale was made to James A. Bryan, one of the defendants, and confirmed by the clerk.

The petition to set aside the judgment is entitled as of the original cause, but is addressed to the Clerk of the Superior Court of Craven County, as follows: "Your petitioner, R. E. Whitehurst, attorney at law and in fact, for and in behalf of W. I. Hall and many others (naming them), heirs at law of John Haywood, deceased, and on behalf of all other persons having a like interest as heirs of John Haywood, deceased, respectfully petitions the court, as follows." Then follows a statement of the facts upon which the motion is based, it being alleged, among other things, that the publication of the summons was defective, and that the judgment was not indexed and cross-indexed, as required by the statute, and the petitioners have had no notice of it until recently. It is then further alleged: "That your petitioner, R. E. Whitehurst, is attorney at law and in fact for a portion of the heirs at law of John Haywood, owners of more than one-third of the undivided interest in the estate of John Haywood, and that this petition is brought on their behalf as well as on the behalf of other persons having a like interest with them."

The defendant James A. Bryan demurred to this petition, upon the grounds:

1. That said petition is deficient in law, for that it appears on its face—

(*a*) It does not give any term of court or any court in the caption to which it is applicable.

(*b*) That it is not made or filed in the name of the real parties in interest, to wit, the heirs of John Haywood, deceased.

(*c*) For that it appears that it is filed by R. E. Whitehurst, an attorney at law and in fact, and that the said R. E. Whitehurst has no interest in the subject-matter and is not the real party in interest.

2. That it appears on the face of said complaint that it does not state facts sufficient to constitute the cause of action—

(1) For that it does not appear in any allegation of the complaint that R. E. Whitehurst, the petitioner, is the real party in interest.

(*d*) For that it does appear on the face of the complaint that R. E. Whitehurst, the petitioner, is not the real party in interest and has no interest in the subject-matter.

(*e*) For that it does not appear in any of the allegations of the complaint that the real parties in interest are filing the petition or making the application.

(*f*) For that it is not alleged in any allegation of the complaint that the persons named in the paragraph immediately preceding the first allegation are the heirs at law of John Haywood and the heirs at law of the particular John Haywood referred to in the title of the cause, or are in any other respect owners of the John Haywood interest in the lands referred to in the petition.

The clerk overruled the demurrer, and the defendant James A. Bryan appealed to the Superior Court, and in that court the judgment of the clerk was affirmed, and the same defendant appealed and assigned the overruling of his demurrer as error.

*C. R. Thomas and R. E. Whitehurst for plaintiff.*
*Ward & Ward for defendants.*

WALKER, J., after stating the case: There are no terms of court where a proceeding is pending before the clerk. He has no stated terms or sessions, and each case has its own return day. The petition is therefore sufficiently entitled if any defect of the kind indicated would be the subject of demurrer.

We are of the opinion that there are sufficient allegations as to the real parties in interest, and as to those who are named in the first paragraph of the petition being the heirs of John Haywood. The specific allegation is that the petitioners for whom Mr. Whitehurst appeared as attorney at law and in fact are "the heirs at law of John Haywood, deceased," and also that he appeared "on behalf of all other persons having a like interest as heirs of John Haywood, deceased." Here is a clear statement that the said parties are heirs at law of John Haywood, and that they are the persons who are really interested in the special proceeding.

The objection that Mr. Whitehurst brings the suit in his own name, although for the parties named, and is not himself interested in the proceeding, is untenable, as he does not in fact sue for himself or set up any interest in the property which is in dispute, but brings the suit only in behalf of those parties. It is substantially the same as if he had first named the parties and then stated that they appeared by him as their attorney, which would have been the better form. The error, though, is formal only, and not at all material, as the true character of the proceeding appears with sufficient certainty. A complaint will be sustained

as against a demurrer, as we have held, if any part presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be gathered from it, under a liberal construction of its terms. *Blackmore v. Winders,* 144 N. C., 212; *Bank v. Duffy,* 156 N. C., 83; *Eddleman v. Lentz,* 158 N. C., 65, 66; *Hendrix v. R. R.,* 162 N. C., 9. We said in *Bank v. Duffy, supra,* that a complaint will not be overthrown by demurrer unless it is wholly insufficient—that is, if from all its parts we can see that there is a cause of action and sufficient ground for relief in law or equity. But it must not be supposed, as was said in *Eddleman v. Lentz, supra,* that because pleadings are now under the Code construed favorably to the pleader, to effectuate the main purpose of having cases tried upon their real merits, it permits the pleader to disregard the ordinary and familiar rule requiring pleadings to be so drawn as to present clearly the issues in the case. The Code provides that the cause of action shall be plainly and concisely stated, but this does not mean that essential fullness of statement shall be sacrificed to conciseness, but that all the facts going to make up the cause of action must be stated as plainly and concisely as is consistent with perfect accuracy, and that no material allegation should be omitted. Looseness in pleading and inadequacy of allegation are as much condemned by the present code of procedure as they were under the former strict and exacting system of the common law. It is form and fiction that have been abolished, but the essential principles of good pleading have been retained. *Blackmore v. Winder, supra,* and *Bank v. Duffy, supra.*

We think the petition in this case is framed with such substantial accuracy as to disclose a good cause of action. *Brewer v. Wynne,* 154 N. C., 467; *Womack v. Carter,* 160 N. C., 286. But, while we sustain the judge in overruling the demurrer, we can well see that if the petition had been drawn with more regard for the rules as to certainty and precision, the demurrer would not have been interposed, and this appeal would have been avoided. Consequently, both parties were at fault, and for this reason and in the exercise of our discretion we divide the costs of this Court. The plaintiff will pay one-half and the defendant James A. Bryan the other half thereof. The defendant will be allowed to answer when issues can be framed and the case tried upon its merits. He will then have an opportunity to be heard upon all the facts, without prejudice from the overruling of the demurrer.

No error.