A. J. CHESSON v. S. L. LYNCH AND J. P. LYNCH.

(Filed 12 December, 1923.)

**Slander—Pleadings—Evidence—Nonsuit—Appeal and Error.**

The complaint in an action alleging that while the plaintiff was manager of the business of a corporation in which the two defendants were interested they falsely represented that he had wrongfully appropriated its funds; that he was "a low-down, sneaking, grand rascal," and had pretended to be sick on a certain occasion in order to avoid facing its board of directors at a directors' meeting, etc., is sufficient to admit of plaintiff's evidence to that effect in his action for slander, as to each or both; and it was reversible error for the trial judge to hold as a matter of law. that a recovery was permissible only against one for wrongful interference with plaintiff's trade or business, and enter a judgment of nonsuit as to the other.

APPEAL by plaintiff from *Calvert, J.,* at February Term, 1923, of LENOIR.

Civil action to recover damages for an alleged wrongful and unlawful conspiracy and for slander.

There was a judgment of nonsuit as to the defendant J. P. Lynch, and a verdict and judgment in favor of the defendant S. L. Lynch. Plaintiff appeals, assigning errors.

*Rouse & Rouse, Shaw & Jones, and Cowper, Whitaker & Allen for plaintiff.*

*Geo. M. Lindsey, J. G. Anderson, and Sutton & Greene for defendants.*

STACY, J. Plaintiff brings this suit against S. L. Lynch and J. P. Lynch, father and son respectively, and stockholders of the A. J. Chesson Agricultural Company, of which plaintiff was general manager, alleging a wrongful and unlawful conspiracy between the two to do the plaintiff an injury in his business; and it is further alleged in the complaint "that among other things the said defendants asserted of and concerning the plaintiff that he was a low-down, sneaking, grand rascal; that the plaintiff had wasted and stolen a large amount of money belonging to the company and had appropriated it to his own benefit; that the plaintiff had refused to permit an inspection of the company's books or records; that the plaintiff had played off sick and had under the pretense of being sick declined to attend a meeting of the stockholders of the company, and that the plaintiff had been guilty of other wrongful acts in the management and conduct of the corporation's business, and other untruthful and disparaging assertions which were calcu-

lated to and intended to destroy the confidence of the stockholders in the plaintiff as manager of the company."

His Honor held (1) that there was no evidence of any conspiracy between the defendants, and directed a nonsuit as to J. P. Lynch; (2) that the complaint failed to allege a cause of action for slander, and permitted the case to go to the jury as against S. L. Lynch for an alleged wrongful interference with plaintiff's trade or business. 15 R. C. L., 41 *et seq.*

Under the above holdings, plaintiff was not allowed to offer any evidence tending to support his allegation of slander. In this we think there was error. The evidence offered was sufficient to establish such a cause of action, but his Honor held that the same had not been properly pleaded. It is the established rule with us, under our present Code system, that a liberal construction must be given in favor of the pleader, "with a view to substantial justice between the parties." C. S., 535; *Hartsfield v. Bryan,* 177 N. C., 166. We think the facts alleged in the complaint are sufficient to establish a cause of action for slander. Newell on Slander and Libel (3d Ed.), 37.

"The uniform rule prevailing under our present system is that, for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. C. S., 535. This does not mean that a pleading shall be construed to say what it does not, but that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. *Buie v. Brown,* 104 N. C., 335. As a corollary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." *Walker, J.,* in *Blackmore v. Winders,* 144 N. C., p. 215.

The nonsuit as to J. P. Lynch will be reversed and the entire cause remanded for a general

New trial.