MAE A. SPAKE v. BARNEY PEARLMAN AND HATTIE PEARLMAN.

(Filed 30 September, 1942.)

**1. Pleading § 15—**

Demurrer to a complaint for failure to state a cause of action admits all of the allegations and all inferences that may reasonably be deduced therefrom under a liberal construction of its terms.

**2. Same—**

Upon demurrer to a complaint of negligent injury to plaintiff on the ground that it does not state a cause of action, it is sufficient if the complaint in a concise statement of the facts apprises the defendant and the court of the nonperformance of some duty of care or protection which the defendant owed the plaintiff and the proximate cause of the injury.

**3. Same—**

Where, in an action for damages due to negligence, plaintiff alleges that defendants did not furnish her a safe and suitable place to work, in that she was required, in the performance of her duties, to use an inside stairway which, with connecting halls, was dark and the stairway was covered with a loose and defective runner, that plaintiff was not shown the light switches, if any there were, and that plaintiff, in the performance of her duties, caught her foot in the loose runner as she descended the dark stairway and fell to her injury. *Held:* Error to allow a motion to dismiss for failure to state a cause of action, *non obstante veredicto.* Reversed and new trial.

APPEAL by plaintiff from *Olive, J.,* at January "A" Term, 1942, of BUNCOMBE. Reversed. New trial.

The plaintiff, a practical nurse, was employed to nurse the mother of the *feme* defendant in their home in Asheville. Among the duties required of the plaintiff was to carry food to the invalid on the second floor, where she was confined to the bed, and to return the dishes to the first floor.

On the day of her employment and while engaged in this duty and returning to the first floor, she fell down the stairway and was seriously injured.

She sued the defendants to recover for personal injuries, which she attributed to the negligence of the defendants. Pertinent parts of the complaint on the charge of negligence are as follows:

"3. That on the 20th day of February, 1941, about 8 o'clock in the morning of said day, the plaintiff entered upon her said duties and in the performance of same was carrying a tray containing food down said stairway; that said stairway and the halls leading thereto and therefrom were dark; that said stairway had no railing or banister to guide the plaintiff; and the plaintiff was not warned by the defendants that said stairway was dark or advised as to the whereabouts of light switches, if any there were, near, over or about said stairway; that on account of the darkness the plaintiff fell down several steps of said stairway and was seriously injured in her back, her right side, her chest, and her right leg, and received a severe shock to her nervous system; that on account of said injuries the plaintiff suffered great and intense pain in body and mind and has been sick, sore and lame; that it was necessary for the plaintiff to employ the services of a physician to treat her for said injuries; that the plaintiff is advised, informed, and believes, that said injuries are permanent; that the plaintiff was for a long period of time wholly incapacitated and unable to perform her usual duties as a nurse, and is advised, informed and believes that she will not be able again to perform said duties as a nurse, or to procure other employment, or to engage in any remunerative labor as she had heretofore been able to do and perform; that since receiving said injuries the plaintiff has been very nervous at all times and has endured great physical and mental suffering.

"4. That it was the duty of the defendants and each of them as employers of the plaintiff to furnish a suitable and safe location in which the plaintiff could perform her duties; that it was the duty of the defendants to inform the plaintiff of the condition of the stairway over which she was required to pass in the performance of her duties; that it was the duty of the defendants to advise the plaintiff as to the location of light switches, if any there were, to light said stairway; that it was the duty of the defendants to inform the plaintiff of any and all defects or points of faulty construction in said stairway; and that the defendants in every respect failed to do and perform all of their duties as herein set forth.

"5. That the plaintiff was unacquainted with the surroundings in said home of the defendants, unaware of the whereabouts of light switches, if any there were, to, over, about, or near said stairway, and unacquainted with the nature of said stairway, landings, etc., and was given no opportunity to examine said stairway to discover any defects or irregularities in same.

"5-A. That the said house of the defendants was improperly and negligently constructed in that there was a long inside stairway constructed therein leading from the first floor to the second floor, with a landing

SPAKE *v.* PEARLMAN.

thereon and other steps leading from said landing, and no outside window placed in or near said stairway or landing to furnish light to a person, or persons, ascending or descending said stairway; that consequently said stairway and landing was insufficiently lighted on the date alleged herein; that on account of the insufficiency of said light when the plaintiff started to go down said stairs as instructed to do in the course of her employment, she was unable to see the electric light switch, which she afterward ascertained had been negligently and carelessly placed at a point at the head of said stairway where a person unacquainted therewith and because of the insufficiency of the light would be unable to see and find; that before starting down said stairway plaintiff looked for an electric light switch and because of the things herein alleged, she was unable to see the same and as she started on down said stairway in the performance of her said duties, using all of her faculties in an effort to go down in safety, because of the negligence of the defendants in failing to provide the plaintiff with a reasonably safe place in which to work in that they had not made sufficient provision for the lighting of said stairway and because of the faulty construction of said building and the negligent placing of said electric light switch and because of their failure to instruct the plaintiff as alleged herein, she made one or two steps down said stairway when her right foot, either the heel or toe of her shoe thereon, caught in the side or edge or other portion of the plush runner located on or about the center of said stairway throwing the plaintiff down the remainder of said steps onto the landing and into the steps on the other side of said landing and against the marble top of a piece of furniture standing on said landing and injuring and damaging plaintiff as herein alleged.

"5-B. That the rug on said stairway was insufficiently maintained and its condition improperly inspected, and the defendants knew, or should have known by reasonable inspection that the said rug on said stairway was loose and not properly fastened to the floor of said stairway."

Upon the trial of the case, the usual issues were submitted to the jury; and upon the evidence adduced, the jury answered all of them in favor of the plaintiff.

The plaintiff tendered judgment upon the issues, which the presiding judge refused to sign.

The defendants having moved to dismiss the action for that the complaint did not state a cause of action, the motion was allowed and *non obstante veredicto,* a judgment was entered dismissing the case at plaintiff's cost.

The judgment holds that the evidence in the case would not warrant an amendment strengthening the complaint.

In apt time, the plaintiff filed proper exceptions and appealed.

SPAKE v. PEARLMAN.

*Don C. Young for plaintiff, appellant.*
*Guy Weaver for defendants, appellees.*

SEAWELL, J.   Relative to the statement in the judgment that the evidence would not warrant an amendment to the complaint, we must keep in mind that the question posed for solution here does not arise out of a demurrer to the evidence or motion for judgment as of nonsuit for its insufficiency to go to the jury.   The record does not disclose that any motion of that sort was made.   If it was made, nevertheless the evidence was submitted to the jury and the defendants did not except or appeal. They got their deliverance from a different source.   Demurrer to the complaint as not stating a cause of action may be made at any time after the pleading has been filed, either in the court below or here, pending consideration of an appeal.   C. S., 511 (6), 518; *Raleigh v. Hatcher,* 220 N. C., 613, 18 S. E. (2d), 207.   In its consideration, the court will not, of course, consider any evidence adduced at the trial.   In the case at bar, the ruling on the demurrer to the complaint is the only thing at issue upon the appeal.

The complaint is challenged only with respect to the sufficiency of its allegations of negligence.   Within the scope of this exception, it is sufficient if the complaint, in a concise statement of the facts, apprises the defendant and the court of the nonperformance of some duty of care or protection which the defendant owed the plaintiff and the proximate causation of injury.   38 Am. Jur., p. 651, sec. 11; *ib.,* p. 953, sec. 261 : "Negligence and care are the sum and conclusion of a variety of attending circumstances characterizing the main acts bearing on or tending to prove the ultimate facts, and the rule of pleading is to charge them in this way, and to depend upon the evidence to establish the allegation."

One of the incidents of the shift from common law to code practice is the injunction placed upon the courts to construe pleadings liberally so that substantial justice may be done; whereas, at common law the pleading was strictly construed against the pleader.   C. S., 535; *Sexton v. Farrington,* 185 N. C., 339, 117 S. E., 172; *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419.

The demurrer admits all the allegations of the complaint and all inferences that may reasonably be deduced from it under a liberal construction of its terms.   *Farrell v. Thomas and Howard Co.,* 204 N. C., 631, 632, 633, 169 S. E., 224; *Hendrix v. R. R.,* 162 N. C., 9, 77 S. E., 1001; *Brewer v. Wynne,* 154 N. C., 467, 70 S. E., 947; *Bank v. Duffy,* 156 N. C., 83, 72 S. E., 96; *Hartsfield v. Bryan,* 177 N. C., 166, 98 S. E., 379; *Hedgpeth v. Allen,* 220 N. C., 528, 17 S. E. (2d), 652; *Cheshire v. First Prebyterian Church,* 220 N. C., 393, 17 S. E. (2d), 344; *Purcell v. R. R.,* 108 N. C., 414, 424, 12 S. E., 954.

Judged by these standards, the complaint is not subject to successful demurrer.

Had the judgment ·dismissing the action been *non obstante veredicto,* the plaintiff would be entitled to the judgment tendered by her, but the verdict was set aside. The preamble suggests that this might have been. done as a matter of law. But it is not strong enough to overcome the presumption which, nothing else appearing, would sustain the order as an exercise of discretion.

The judgment dismissing the action is reversed and the plaintiff is awarded a new trial.

Reversed. New trial.