JOHN ASKEW v. INTERSTATE HOTEL CO., INC.

(Filed 11 April, 1928.)

**Corporations—Corporate Powers and Liabilities—Contracts and Indebtedness—Corporation Purchasing Securities of Another Not Liable for Debts of Purchased Corporation When it is Left with Ample Assets.**

An existing corporation, when retaining its corporate identity and retaining assets sufficient to pay its creditors, does not effect a merger by exchanging its stock with another and similar corporation, so as to make the latter liable for its debts under the doctrine of implied assumpsit or substitution of debtors, in the absence of fraud. C. S., 1005.

APPEAL by plaintiff from *Moore, Special Judge,* at Second November Term, 1927, of WAKE. Affirmed.

*J. C. Little for plaintiff.*
*Biggs & Broughton for defendant.*

CLARKSON, J. This was an action by plaintiff against defendant for labor performed and material furnished in doing some painting on the Sir Walter Hotel. The plaintiff's evidence was to the effect that the contract was with Virgil St. Cloud, who represented the T. L. Bland Hotel Corporation. C. V. York Construction Company had the contract with the Capital Construction Company, for the erection of the hotel; that the plaintiff's work was not included in that contract; that the T. L. Bland Hotel Corporation had a lease on the Sir Walter Hotel.

The minutes of the directors' meeting of Interstate Hotel Company, 10 December, 1923, contains, among other things, a proposition made to it to exchange $500,000 par value of the capital stock of T. L. Bland Hotel Corporation for $400,000 par value of the capital stock of the

Interstate Hotel Company, defendant, fully paid and for $100,000 in cash. The T. L. Bland Corporation continued in existence. It received by the sale $100,000 in cash and it owned at the time the following property: (a) A twenty-year lease of the Sir Walter Hotel at Raleigh; (b) The furnishing and equipment of the Sir Walter Hotel, which cost approximately $175,000; (c) The lease of the Bland Hotel at Raleigh, expiring 1 June, 1927; (d) The furnishings and equipment of the Bland Hotel; (e) The lease of the Yarborough Hotel of Raleigh, expiring on 30 November, 1926; (f) The furnishings and equipment of the Yarborough Hotel; (g) $100,000 par value of the capital stock of Capital Construction Company which owns the Sir Walter Hotel. All of the foregoing property is free from liens and encumbrances, except that the furnishings and equipment of the Yarborough Hotel stand as security for the performance of the lease of said hotel, and that the furnishings and equipment of the Sir Walter Hotel and $50,000 of said $100,000 of capital stock of the Capital Construction Company stand as security for the performance of the lease of the Sir Walter Hotel. The proposition also has a guaranty to hold the Interstate Hotel Company "harmless from any and all debts and obligations and taxes owing by the T. L. Bland Hotel Corporation." There was no agreement by the Interstate Hotel Company to assume the payments of the debts of the T. L. Bland Hotel Corporation. The meeting of the stockholders of the Interstate Hotel Company shows an acceptance of the proposition.

At the close of plaintiff's evidence, the defendant made a motion for judgment as in case of nonsuit. C. S., 567. This motion was allowed by the court below. Plaintiff excepted, assigned error and appealed to the Supreme Court.

"A guaranty is defined by Chancellor Kent (3 Com., 121), as 'A promise to answer for the payment of some debt or the performance of some duty in case of the failure of some person who, in the first instance, is liable for such payment or performance,' and that definition was adopted by this Court in *Carpenter v. Wall*, 20 N. C., 279." *Andrews v. Pope*, 126 N. C., p. 475. See *Trust Co. v. Godwin*, 190 N. C., 512; *S. v. Bank*, 193 N. C., 524.

There are other matters that indicate that there was no such merger or consolidation as would make the Interstate Hotel Company liable for the debts of the T. L. Bland Hotel Corporation, as is contended by plaintiff. There is no suggestion in the record that the sale was to hinder, delay or defraud creditors. C. S., 1005, and cases cited thereunder.

In *McAlister v. Express Co.*, 179 N. C., at page 560, it is said: "The cases which hold that a new corporation must pay the debts of the original one are those where there was a reorganization, consolidation, amalgamation, or union, and the new company is subjected to liability

for the debts and torts of the old company upon the ground of an implied *assumpsit,* or of fraud, or under the trust-fund doctrine, or because, by reason of the facts and circumstances, the complete absorption of the old company and its assets, including its franchise, being the leading and controlling one, it is completely substituted in its place, and thereby becomes the debtor to its creditors. It would be manifestly unfair, unjust and contrary to equity that it should thus acquire all of the assets of the other corporation, and its franchise, both to be and to do, leaving no one to be sued by its creditors and no property to satisfy its debts and other liabilities, and not itself become responsible for such debts and other liabilities. If it takes the benefit, it must, as has so often been said, take the burden, which equitably attaches, with it." See *Friedenwald v. Tobacco Co.,* 117 N. C., 544. The citations in the *McAlister case, supra,* fully bear out the position here taken.

In justice to the parties, the record discloses that before this action was instituted plaintiff had a letter from the president of the defendant company. This letter was in answer to one by plaintiff claiming liability on the part of the defendant, and is as follows: "Replying to your letter of 1 November (1924), we do not owe Mr. Askew anything for painting or anything else as far as we know. The Capital Construction Company may owe him, but that we know nothing about."

The T. L. Bland Hotel Corporation has ample assets left to pay the claim of plaintiff, if in law it owes him.

For the reasons given, the judgment is

Affirmed.