BESSIE BEGNELL v. SAFETY COACH LINE, INC., AND CAROLINA COACH COMPANY.

(Filed 21 May, 1930.)

**Corporations G c—In this case held: allegations and evidence were insufficient to hold vendee corporation liable for debts of vendor.**

The fact that one corporation has purchased and taken a conveyance of the property of another corporation does not alone make the vendee liable for the debts of the vendor, and where, in an action against the vendor and vendee corporation to recover damages alleged to have been negligently inflicted by the vendor prior to such conveyances, it is not alleged or proven that the vendor was insolvent or that the conveyance was made to hinder, delay or defraud creditors, or that there had been a merger or consolidation of the corporations, or that the vendee had agreed to assume the liabilities of the vendor, or that the vendee was a new corporation organized to take over and operate the business of the vendor, or that the vendor has ceased to exist as a corporation: *Held,* the vendee may not be held liable to the plaintiff for injuries sustained from the alleged negligence of the vendor, and C. S., 1138, does not alter this result, its effect, if applicable, being to render the conveyance void as to the plaintiff, who could then levy on the property under execution on a judgment against the vendor, and C. S., 1013, applying only to the sale in bulk of a large part or the whole of a stock of merchandise.

APPEAL by defendant, Carolina Coach Company, from *Devin, J.,* at September Term, 1929, of DURHAM. Reversed.

This is an action to recover damages for personal injuries sustained by the plaintiff while she was riding as a passenger in a bus owned and operated by the defendant, Safety Coach Line, Inc., and caused by the negligence of the driver of the bus, an employee of said defendant.

The action was begun by summons issued on 19 March, 1925, and duly served thereafter on the defendant, Safety Coach Line, Inc. The said defendant is a corporation duly organized under and by virtue of the laws of the State of North Carolina. At the time the plaintiff was injured, the said defendant was engaged in the business of operating passenger busses from Raleigh to Durham and other points over the highways of this State. Plaintiff was injured on 23 October, 1924, when the bus in which she was riding as a passenger from Raleigh to Durham overtook and collided with an automobile traveling on the State highway in the same direction as that in which the bus was traveling. The collision was caused by the negligent manner in which the driver, an employee of the defendant, was operating the bus. Plaintiff's injuries and her resulting damages were caused by the negligence of the defendant, Safety Coach Line, Inc.

After the commencement of the action, and while the same was pending, on motion of plaintiff, the Carolina Coach Company was made a party defendant in the action, by a summons issued on 19 May, 1926, and duly served thereafter on said defendant. No cause of action was alleged in the original complaint filed on 12 April, 1925, against the said Carolina Coach Company. In the amended complaint filed on 9 August, 1926, after the said company had been made a defendant, the allegations of the original complaint are affirmed, and it is further alleged:

"2. That the Carolina Coach Company is a corporation created, organized and existing under and by virtue of the laws of the State of North Carolina, with its principal office and place of business in the city of Raleigh; that it is engaged in operating motor busses and carrying passengers for hire.

3. That on or about 24 November, 1925, the Safety Coach Line, Inc., disposed of all of its busses, tools, equipment, rights in and to a lease on the above station in Raleigh, all franchise, right or rights which the company may have had by reason of its operation of its line of busses in Greensboro, by good-will, trade name, advertising and other rights of which the Safety Coach Line, Inc., may have been possessed, except accounts receivable. Said bill of sale included seven coaches. That said property was thereby conveyed to the Carolina Coach Company.

4. That the sale by the Safety Coach Line, Inc., of all of its property to the Carolina Coach Company constituted a transfer of all of its tangible assets.

5. That the Carolina Coach Company is now the owner and operator of the property owned and operated by the Safety Coach Line, Inc., at the time of the matters complained of in the original complaint."

The allegations contained in paragraphs 2 and 3 of said amended complaint are admitted in the answer filed by the Carolina Coach Company on 7 September, 1926; the allegations contained in paragraphs 4 and 5 of said complaint are denied in said answer. In its answer, the said Carolina Coach Company admitted that "it is now the owner and operator of some of the property formerly owned and operated by the Safety Coach Line, Inc." It alleges that it paid to the said Safety Coach Line, Inc., a full and fair consideration for said property. It specifically denied that in the purchase of said property it assumed any of the liabilities, contractual or otherwise, of the said Safety Coach Line, Inc. It alleged that at the time it purchased said property from the Safety Coach Line, Inc., the said Safety Coach Line, Inc., was and that it is now solvent, and has property sufficient to pay any judgment which the plaintiff may recover in this action against said Safety Coach Line, Inc., upon the cause of action alleged in the original complaint.

At the trial there was evidence tending to sustain the allegations of the original complaint upon which plaintiff demanded judgment that she recover of the defendant, Safety Coach Line, Inc., damages for the injuries which she had sustained. No exceptions were taken by the defendant, Safety Coach Line, Inc., with respect to the evidence, or to the instructions of the court in its charge to the jury. The only evidence offered by the plaintiff in support of the allegations of the amended complaint filed after the defendant Carolina Coach Company was made a party to the action, was paragraphs 2 and 3 of said amended complaint, with the corresponding paragraphs of the answer of said defendant, in which the allegations of said paragraphs are admitted. No evidence was offered by the defendant, Carolina Coach Company, pertinent to the allegations of the amended complaint.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the Safety Coach Line, Inc., as alleged in the complaint? Answer: Yes.

2. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $4,400.

3. Is the defendant, Carolina Coach Company, liable for the payment of said sum? Answer: Yes."

From judgment on the verdict that the plaintiff recover of the defendants, Safety Coach Line, Inc., and Carolina Coach Company, the sum of $4,400, with interest thereon from 9 September, 1929, and the costs of the action, the defendant, Carolina Coach Company, appealed to the Supreme Court.

*Victor S. Bryant and C. V. Jones for plaintiff.*
*Smith & Joyner and McLendon & Hedrick for defendant.*

CONNOR, J. The defendant, Carolina Coach Company, on its appeal to this Court, contends that there was error on the trial of this action in the Superior Court, (1) in that the judge overruled its demurrer *ore tenus* to the complaint as amended after said defendant was made a party to the action, for that the facts stated therein are not sufficient to constitute a cause of action upon which the plaintiff is entitled to recover of said defendant, C. S., 511(6); C. S., 518; (2) in that the judge refused to allow its motion at the close of all the evidence that the action as against said defendant be dismissed as of nonsuit, C. S., 567; and (3) in that the judge in his charge instructed the jury that upon the admissions in the pleadings, which were the only evidence offered at the trial pertinent to said issue, the jury should answer the third issue, "Yes."

The question thus presented for decision is whether upon the facts alleged in the amended complaint, admitted by both the demurrer and the answer, the defendant, Carolina Coach Company, is liable as a matter of law to the plaintiff for the damages sustained by her and caused by the negligence of the defendant, Safety Coach Line, Inc. The plaintiff contends that the defendant, Carolina Coach Company, is liable to her for such damages, because after the commencement of the action, and while the same was pending, the defendant, Safety Coach Line, Inc., by a bill of sale, conveyed to the said Carolina Coach Company all of its busses, tools and equipment, and also all its franchises, rights in and to the lease on the bus station at Raleigh, and rights to operate its busses in Greensboro.

It is not alleged in the complaint, and there was no evidence at the trial tending to show that at the time of the conveyance the Safety Coach Line, Inc., was insolvent, or that said conveyance was made with intent to hinder, delay or defraud the plaintiff or other creditors of the Safety Coach Line, Inc.; nor is there allegation or proof that there was in law or in fact a merger or consolidation of the Safety Coach Line, Inc., with the said Carolina Coach Company; nor is there allegation or proof that the Carolina Coach Company assumed or agreed to assume any of the liabilities of the Safety Coach Line, Inc., whether arising out of contract or otherwise. There is neither allegation nor proof that the defendant Carolina Coach Company was a new corporation, organized for the purpose of taking over and operating the property of the Safety Coach Line, Inc., or that said Safety Coach Line, Inc., has ceased to exist as a corporation. In the absence of such allegations in the complaint, there was error in the refusal of the judge to sustain the demurrer. As there was error in the refusal to sustain the demurrer, it follows, of course, that there was error in the refusal of defendant's motion for judgment dismissing the action as against it as of nonsuit, and in the instruction with respect to the third issue. The fact that one

corporation has purchased and taken a conveyance of the property of another corporation does not alone make the vendee liable for the debts of the vendor.

In *McAlister v. Express Company,* 179 N. C., 556, 103 S. E., 129, it is said: "The cases which hold that a new corporation must pay the debts of the original one are those where there was a reorganization, consolidation, amalgamation, or union, and the new company is subjected to liability for the debts and torts of the old company upon the ground of an implied assumpsit, or of fraud, or under the trust fund doctrine, or because, by reason of the facts and circumstances, the complete absorption of the old company and its assets, including its franchise, being the leading and controlling one, it is completely substituted in its place and thereby becomes the debtor to its creditors." We think it manifest that this principle does not apply in the instant case. The facts stated in the amended complaint are not sufficient to constitute a cause of action against the defendant, Carolina Coach Company. *Askew v. Hotel Co.,* 195 N. C., 456, 142 S. E., 590.

The judgment against the defendant, Carolina Coach Company, cannot be sustained under the provisions of C. S., 1138. At most these provisions, if applicable, would render the conveyance void, with the result that although the property conveyed by the defendant, Safety Coach Line, Inc., to the Carolina Coach Company, is in the possession of the latter, it is subject to levy and sale under execution issued on the judgment in this action in favor of the plaintiff and against the defendant, Safety Lines, Inc. Upon the facts alleged in the amended complaint, and shown by the evidence, the Carolina Coach Company is not liable to the plaintiff for damages resulting to her from injuries caused by the negligence of the defendant, Safety Coach Company. If the conveyance of the property is void, because of the provisions of C. S., 1138, the Carolina Coach Company acquired no title to the property by reason of the conveyance, as against the plaintiff. It does not follow, however, that for this reason, the Carolina Coach Company became liable to the plaintiff for her damages.

It is manifest, we think, that C. S., 1013, has no application in the instant case. This statute applies only to a sale in bulk of a large part or the whole of a stock of merchandise. The property conveyed by the defendant, Safety Coach Line, Inc., to the defendant, Carolina Coach Company was not merchandise within the meaning of the statute. *Swift & Co. v. Tempelos,* 178 N. C., 487, 101 S. E., 8.

For error in overruling its demurrer *ore tenus,* the judgment against the defendant, Carolina Coach Company, must be

Reversed.