CAROLINA COACH COMPANY v. BESSIE BEGNELL, AND E. G. BELVIN, SHERIFF OF DURHAM COUNTY.

(Filed 14 December, 1932.)

1. **Corporations G d—Absolute sale of personal property by corporation is not required to be in writing or registered.**

There is no statutory requirement that a sale or conveyance of personal property by a corporation shall be in writing or shall be registered for any purpose when such sale is absolute and delivery of the property is made to the purchaser, C. S., 3311, applying only to sales of real estate and transfers of personal property by chattel mortgage or conditional sale.

2. **Same—Transfer of personal property by corporation held not void as to torts under the facts of this case.**

Construing N. C. Code of 1927, 1138 with C. S., 3309, 3311, the amendments to N. C. Code, 1138, not applying in the instant case, it is held that an absolute sale by a corporation of its personal property, accompanied by delivery to the purchaser, is not void as to a judgment creditor of the corporation on a judgment obtained against the corporation for a tort committed before the transfer, when the sale was not made with the purpose of hindering, defrauding, etc., the creditors of the corporation, the provisions of the statute not applying to such transfer, and upon a verdict of a jury in his favor on the question of fraud the purchaser of the property from the corporation is entitled to an order restraining the judgment creditor from issuing execution on the property in his hands.

APPEAL by defendants from *Cowper, Special Judge,* at May Special Term, 1932, of WAKE. No error.

This is an action to enjoin the defendant, E. G. Belvin, sheriff of Durham County, from levying on and selling certain personal property now in the possession of and owned by the plaintiff, Carolina Coach Company, under an execution in his hands, issued by the clerk of the Superior Court of Durham County. The execution was issued at the

request of the defendant, Bessie Begnell, to satisfy a judgment in favor of the said Bessie Begnell and against the Safety Coach Lines, Incorporated. This judgment is duly docketed in the office of the clerk of the Superior Court, and has not been paid or satisfied.

The facts as stipulated by the parties and as found by the jury, at the trial, are as follows:

1. On 19 March, 1925, the defendant, Bessie Begnell, instituted an action in the Superior Court of Durham County against the Safety Coach Lines, Incorporated, a corporation organized and doing business under the laws of the State of North Carolina, to recover damages sustained by the said Bessie Begnell, and resulting from personal injuries caused by the negligence of the Safety Coach Lines, Incorporated, on 23 October, 1924.

2. While said action was pending in the Superior Court of Durham County, to wit: on 24 November, 1925, the defendant therein, Safety Coach Lines, Incorporated, for and in consideration of the sum of $80,000, paid to it in cash by the Carolina Coach Company, sold, transferred and delivered to said Carolina Coach Company, all its property, except certain accounts receivable. The Safety Coach Company duly executed a bill of sale, dated 24 November, 1925, by which the said company sold and transferred the personal property described therein to the Carolina Coach Company. This bill of sale was duly probated and registered in the office of the register of deeds of Wake County, on 29 December, 1925. Among other articles of personal property described in the bill of sale, are certain buses theretofore used by the Safety Coach Lines, Incorporated, in carrying on its business. These buses were delivered to the plaintiff, Carolina Coach Company, and are now in its possession, and used by it in carrying on its business.

3. At the date of the sale, transfer and delivery of the property described in the bill of sale, by the Safety Coach Lines, Incorporated, to the plaintiff, Carolina Coach Company, the Safety Coach Lines, Incorporated, was solvent. The said sale was not made by the Safety Coach Lines, Incorporated, with intent to hinder, delay, or defraud the defendant, Bessie Begnell, or other creditors of the Safety Coach Lines, Incorporated. The sum of $80,000 paid by the Carolina Coach Company to the Safety Coach Lines, Incorporated, as the purchase price for said property, was its fair market value. The plaintiff, Carolina Coach Company, knew at the time it paid the said purchase price for said property to the Safety Coach Lines, Incorporated, that the action instituted by the defendant, Bessie Begnell against the Safety Coach Lines, Incorporated, was then pending in the Superior Court of Durham County. Since the dissolution of the Safety Coach Lines, In-

corporated, as a corporation, on 16 August, 1926, the sum of $80,000 received by it from the Carolina Coach Company, as the purchase price for its property, has been distributed among its creditors and stockholders. No part of said sum was reserved for or applied as a payment on the judgment which Bessie Begnell recovered against the Safety Coach Lines, Incorporated, in the action in the Superior Court of Durham County.

4. On 20 May, 1926, the Carolina Coach Company was made a party defendant in the action entitled "Bessie Begnell *v.* Safety Coach Lines, Incorporated," pending in the Superior Court of Durham County, on the motion of the said Bessie Begnell, plaintiff therein. The demurrer of the Carolina Coach Company was subsequently sustained, and the action dismissed as to the said Carolina Coach Company. See 198 N. C., 688, 153 S. E., 264.

5. The action entitled "Bessie Begnell *v.* Safety Coach Lines, Incorporated," was tried at September Term, 1929, of the Superior Court of Durham County. This trial resulted in a judgment in favor of Bessie Begnell and against the Safety Coach Lines, Incorporated, for the sum of $4,400, with interest and costs. Executions on this judgment have been returned unsatisfied. An execution issued on said judgment, dated 18 September, 1930, is now in the hands of the defendant, E. G. Belvin, sheriff of Durham County. Under this execution, the said defendant was about to levy on and sell the buses described in the bill of sale from Safety Coach Lines, Incorporated, to the plaintiff, Carolina Coach Company, at the request of the defendant, Bessie Begnell, on their contention that said bill of sale is void, and that the buses described therein, although now in the possession of the plaintiff, are the property of the Safety Coach Lines, Incorporated, and not the property of the plaintiff, Carolina Coach Company, and are therefore subject to sale under execution to satisfy the judgment in favor of Bessie Begnell and against the Safety Coach Lines, Incorporated.

From judgment enjoining the defendants from levying on and selling the property described in the bill of sale from Safety Coach Lines, Incorporated, to the Carolina Coach Company, or any part thereof, the defendants appealed to the Supreme Court.

*Smith & Joyner for plaintiff.*
*Pou & Pou and Bryant & Jones for defendants.*

CONNOR, J. The bill of sale under which the plaintiff, Carolina Coach Company, claims title to the buses now in its possession; and on which the defendant, E. G. Belvin, sheriff of Durham County, proposes to levy

as directed in the execution now in his hands, and issued at the request of the defendant, Bessie Begnell, to satisfy her judgment against the Safety Coach Lines, Incorporated, is not void, for the reason that said bill of sale was executed by the Safety Coach Lines, Incorporated, with intent to hinder, delay or defraud the said Bessie Begnell, or other creditors of the Safety Coach Lines, Incorporated. The jury by its answer to the third issue has negatived the contention of the defendants to that effect. There is no contention on this appeal that there was error at the trial with respect to the answer to the third issue.

The only question presented by this appeal is whether the bill of sale is void as to the defendant, Bessie Begnell, under the provisions of the statute in force at the date of said bill of sale. See N. C. Code of 1927, section 1138. The subsequent amendments to this statute are not applicable to the instant case. The statute involved in this action is in words as follows:

"Any corporation may convey lands, and other property which is transferable by deed, by deed sealed with the common seal and signed in its name by the president, a vice-president, presiding member or trustee, and two other members of the corporation, and attested by a witness, or by deed sealed with the common seal and signed in its name by the president, a vice-president, presiding member or trustee, and attested by the secretary or assistant secretary of the company.

But any conveyance of its property, whether absolutely or upon condition, executed by a corporation, is void as to torts committed by such corporation prior to the execution of said deed, if persons injured, or their representatives, commence proceedings or actions to enforce their claims against said corporation within sixty days after the registration of said deed as required by law."

It is provided by statute in this State that "no conveyance of land, or contract to convey, or lease of land for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." C. S., 3309.

There is no statute, however, in this State which requires that a sale and transfer, or conveyance, of personal property by a person or corporation, where such sale and transfer or conveyance is absolute, shall be in writing or shall be registered for any purpose.

It is provided by statute, however, that "no deed of trust, mortgage for real or personal estate shall be valid in law to pass any property as against creditors or purchasers for a valuable consideration, from the donor, bargainor or mortgagor, but from the registration of such deed

of trust or mortgage in the county where the land lies, or in case of personal estate, when the donor, bargainor, or mortgagor resides." C. S., 3311.

The statute involved in the instant case must be construed in connection with the foregoing statutes, from which it appears that a distinction is made in the law in this State, with respect to requirements for registration, between conveyances of personal property upon condition, as by deeds of trust or mortgages, and conveyances by bills of sale by which the title to such property passes absolutely. In the latter case, not only the title but the possession passes with the bill of sale, while in the former, ordinarily, only the title passes. Possession is usually retained by the grantor or mortgagor.

It is only where personal property is sold and transferred, or conveyed, by a corporation, upon condition, as by deed of trust or mortgage, that the conveyance is void as to torts committed by the corporation prior to such conveyance, where the person or persons injured by such torts commence proceedings or actions to enforce his or their claim against the corporation for damages resulting from such torts, within sixty days after the registration of the deed of trust or mortgage, or other conveyance upon condition, as required by law.

Where, as in the instant case, personal property is sold and transferred, or conveyed by a corporation, absolutely, and accompanied by delivery, the statute is not applicable, and for that reason the conveyance is not void under the provisions of the statute. The vendee or grantee acquires title to the property free from the claim or claims of creditors, whether such claims arise out of torts or out of contracts. The judgment in the instant case must be affirmed.

No error.