ASHEVILLE SHOWCASE & FIXTURE COMPANY v. RESTAURANT AS-
SOCIATES, INC., AND N. W. B. BUILDING OF ASHEVILLE, INC.

No. 6828SC427

(Filed 20 November 1968)

**1. Time— computation of time — extension of time for filing answer**

Clerk's several extensions of time for filing answer or demurrer, which
were consented to by the parties as provided by G.S. 1-125, become an act
"done as provided by law" within the purview of statute relating to com-
putation of time. G.S. 1-593.

**2. Time— act falling on a Saturday**

Where order of the clerk permitted defendants up to and including
July 20 in which to answer, demur or otherwise plead, and July 20 was a
Saturday, and the office of the clerk was closed on Saturdays, demurrer
filed by defendant on Monday, July 22, was timely. G.S. 1-593, G.S. 103-5.

**3. Pleadings § 23— frivolous demurrer**

Where plaintiff sought to recover money judgment from two defendants
on a contract for the purchase of merchandise but failed to allege that one
of the defendants had incurred or assumed the indebtedness, demurrer
by that defendant on ground that the complaint failed to state a cause of
action in that it appeared from the face of the complaint that defendant
did not contract for or agree to pay plaintiff, held not frivolous. G.S. 1-219.

**4. Pleadings § 9— time for filing answer — disposition of demurrer**

Until demurrer has been passed upon on its merits, the time for filing
an answer has not expired.

APPEAL by defendant, N. W. B. Building of Asheville, Inc., from
*McLean, J.,* 19 August 1968 Session, BUNCOMBE County Superior
Court.

This action was commenced 14 May 1968 by the issuance of
summons and the ancillary remedy of claim and delivery for mer-
chandise valued at $13,000. The summons was served on the de-
fendant, N. W. B. Building of Asheville, Inc., (Building) on 14 May
1968, and the property taken. The other defendant, Restaurant
Associates, Inc., (Restaurant) was not to be found in Buncombe
County after due search. Building executed a bond and retained the
property.

In the complaint filed 14 May 1968 plaintiff alleged a sale of
property to Restaurant under date of 7 July 1966 for the sum of
$18,892.26 and, at time of sale and delivery of the property, Res-
taurant had executed a "Conditional Sales Contract or Mortgage"
reconveying the property to plaintiff as security for the purchase
price, which contract was duly recorded in the Buncombe County

Public Registry; that Restaurant had made no payments and there was due the sum of $18,892.26 plus interest from 7 July 1966. The complaint further alleges that on 13 June 1967 Building purchased all shares of stock of Restaurant and at time of purchase knew that Restaurant "was in complete default of said Conditional Sales Contract"; that Building assumed possession and control of the merchandise referred to and had used same in the operation of a restaurant located in Building; that Building "has succeeded to all obligations of (Restaurant) to this Plaintiff under said Conditional Sales Contract" and has refused to make payment of said account; that plaintiff is entitled to possession of the merchandise for the purpose of selling same under the conditional sales contract in order to satisfy the indebtedness. The plaintiff seeks judgment against Restaurant and Building jointly and severally for $18,892.26 plus interest from 7 July 1966 and for the possession of the property in order to sell same and apply it on the indebtedness.

On 5 June 1968 the attorney for plaintiff filed an affidavit and motion for service of process on Restaurant by serving same on the Secretary of State as statutory process agent. Pursuant thereto, service of process was had upon Restaurant by serving its statutory process agent, the Secretary of State of North Carolina, on 10 June 1968. Restaurant has filed no pleadings.

By order dated 12 June 1968, the defendants were given to and including the 1st day of July, 1968, to file answer or demurrer.

On 1 July 1968 another order was entered by the assistant clerk of court, consented to by the attorney for the plaintiff, granting the defendants up to and including 20 July 1968 in which to answer, demur or otherwise plead.

On 19 July 1968 defendant Building mailed from Charlotte, North Carolina, a demurrer to the office of Clerk of Buncombe County Superior Court. This demurrer set out that the complaint failed to state a cause of action against the defendant Building.

The demurrer was filed 22 July 1968.

On 24 July 1968 Judge McLean, presiding at the 22 July 1968 Civil Jury Session of Buncombe County Superior Court, entered a judgment by default final against both defendants finding that no pleading had been filed by either defendant on or before 20 July 1968 and that the demurrer filed 22 July 1968 was not filed within time. The court further found that said demurrer "is frivolous and without merit." It was adjudged that the plaintiff have and recover of the defendants jointly and severally the sum of $18,892.26 with interest from 7 July 1966.

On 2 August 1968 the defendant Building filed an answer to the complaint setting up defenses to plaintiff's claim of title to the merchandise involved and alleging title in Building by virtue of chattel mortgages recorded prior to the recordation of the conditional sales contract.

On the same date, 2 August 1968, the defendant Building moved to set aside the judgment by default final. In said motion it was stated that 20 July 1968 fell on Saturday; that the clerk of court's office in Buncombe County did not pick up and receive mail on Saturday and, for this reason, the demurrer was not filed until the following Monday, 22 July 1968; that defendant Building had no notice or information concerning the hearing on said demurrer and requested that the judgment by default final be set aside.

On 23 August 1968 a plenary hearing was had on the motion to set aside the judgment by default final. The court found as a fact that the main office of the Clerk of Superior Court of Buncombe County is open from 8:30 a.m. until 5:00 p.m. Monday through Friday; that a basement office is open on weekends for the purpose of issuing warrants and other court papers; that civil papers will be accepted for filing if same are presented to the deputy clerk on duty; that the main office is closed on Saturdays and was closed on Saturday, 20 July 1968, and the deputy clerks on duty in the basement do not pick up mail on Saturdays. The court further found:

> "That the Defendant, N. W. B. Building of Asheville, Inc., has introduced no evidence, oral or by affidavit, indicating to the undersigned Judge Presiding that it has a meritorious defense to the matters and things alleged in the plaintiff's complaint."

The trial judge then concluded that the filing of the demurrer by defendant Building on 22 July 1968 "was untimely" and that the defendant "has not shown unto this Court a meritorious defense to the matters and things alleged in the Complaint and the Court should not set the Judgment of July 22nd, 1968, aside on the ground that the defendant has shown a meritorious defense. . . . That the demurrer filed by the Defendant (Building) on the 22nd day of July, 1968, was frivolous and without merit and the Court hereby reaffirms its decision on said matter as set forth in the Court's Judgment of July 24th, 1968." The court then reaffirmed and upheld its judgment of 24 July 1968 and denied the motion to set same aside. This judgment was dated 29 August 1968. The defendant Building objected and excepted thereto and appealed therefrom.

*Patla, Straus, Robinson & Moore; Harold K. Bennett by E. Glenn Kelly, Attorneys for plaintiff appellee.*

*Gudger & Erwin by James P. Erwin, Jr., Attorneys for defendant, N. W. B. Building of Asheville, Inc., appellant.*

CAMPBELL, J.

The first question to be decided is whether the demurrer filed by the defendant Building was timely filed.

[1]    The order of the assistant clerk of court dated 1 July 1968, which had been consented to by the attorney of the plaintiff, permitted the defendants up to and including 20 July 1968 in which to answer, demur or otherwise plead. 20 July 1968 was a Saturday.

G.S. 1-125 provides:

"The clerk shall not extend the time for filing answer or demurrer more than once nor for a period of time exceeding twenty days except by consent of parties."

In the instant case the clerk had extended the time for filing answer or demurrer more than once, but he did so in the order of 1 July 1968 "by consent of parties." Thus, the effect of the extension of time by the order of 1 July 1968 became an act "done as provided by law."

G.S. 1-593 provides:

"*How computed.* — The time within which an act is to be done, as provided by law, shall be computed by excluding the first and including the last day. If the last day is Saturday, Sunday or a legal holiday, it must be excluded."

Since 20 July 1968 was a Saturday, it should be excluded under the statute, and the following Monday, 22 July 1968, became the proper date to file answer, demurrer or other pleadings.

In addition to this, we have in this case a finding by the trial court:

"6.    That the hours of the main Office of the Clerk of Superior Court of Buncombe County, North Carolina, run from 8:30 a.m. until 5:00 p.m., Monday through Friday. That the Office of the Clerk of Superior Court of Buncombe County, North Carolina, is open on weekends, said Office being located in the basement of the Buncombe County Courthouse, and is maintained by three Deputy Clerks of Superior Court of Buncombe County, one of whom is present at all times in said basement

office for the purpose of issuing warrants and other court papers. That said Deputy Clerks of the Superior Court are authorized to accept civil papers for filing if the same are presented to them. That the main Office of the Clerk of Superior Court of Buncombe County is closed on Saturdays and was closed on Saturday, July 20th, 1968. That the Deputy Clerk of the Superior Court maintaining the basement office of said Clerk on Saturday, July 20th, 1968, between the hours of 8:30 a.m. and 5:00 p.m. was Mr. Charles Knighten. That the Deputy Clerks in the basement of the Buncombe County Courthouse do not pick up the mail on Saturdays and Mr. Charles Knighten was not instructed to pick up the mail."

The trial court did not find by what authority the main office of the Clerk of Superior Court of Buncombe County was closed on Saturdays. We assume such closing was not illegal and was done pursuant to a valid order of the board of county commissioners of Buncombe County. G.S. 2-24.

G.S. 103-5 provides:

*"Acts to be done on Sunday or holidays.* — Where the day or the last day for doing an act required or permitted by law to be done falls on Sunday or a holiday the act may be done on the next succeeding secular or business day and where the courthouse in any county is closed on Saturday or any other day by order of the board of county commissioners of said county and the day or the last day required for filing an advance bid or the filing of any pleading or written instrument of any kind with any officer having an office in the courthouse, or the performance of any act required or permitted to be done in said courthouse falls on Saturday or other day during which said courthouse is closed as aforesaid, then said Saturday or other day during which said courthouse is closed as aforesaid shall be deemed a holiday; and said advance bid, pleading or other written instrument may be filed, and any act required or permitted to be done in the courthouse may be done on the next day during which the courthouse is open for business."

[2] We hold that since the order of the clerk of court dated 1 July 1968 granting the defendants up to and including 20 July 1968 in which to answer, demur or otherwise plead, since 20 July 1968 fell on a Saturday and since the main office of the clerk of superior court was closed on Saturdays, the defendant Building filed said pleading timely. Compare *Hardbarger v. Deal*, 258 N.C. 31, 127 S.E. 2d 771.

**[3]**    The next question presented is whether the demurrer filed by the defendant Building is frivolous.

G.S. 1-219 provides:

> *"On frivolous pleading.* — If a demurrer, answer or reply is frivolous, the party prejudiced thereby may apply to the court or judge for judgment thereon, which may be given accordingly."

In *Bank v. Duffy,* 156 N.C. 83, 72 S.E. 96, Walker, J., stated:

> "We have held that a pleading will not be adjudged frivolous, irrelevant, or impertinent, so as to entitle the other party to a judgment *non obstante placito,* unless it is clearly and palpably so. . . . If it raises a question, whether of law or fact, fit for consideration or discussion, we will not adjudge it to be irrelevant and as not standing in the way of a summary judgment upon the pleadings. . . . Even under the old system of pleading and practice, the courts hesitated to give judgment upon a pleading unless it plainly raised no real issue of law or fact, for *Baron Parke* said in *Linwood v. Squire,* 5 Exch. (W. H. & G.), 234: 'I do not say that the plea is a good plea, as it is not necessary to decide that question, but a plaintiff has no right to sign judgment if the plea raises a serious question and one which is fit for discussion.' The courts do not encourage the practice of moving for judgment upon an answer or demurrer as being frivolous."

The demurrer filed by defendant Building was "that the Complaint of the Plaintiff fails to state a cause of action against the Defendant, (Building), in that it appears from the face of the Complaint that the Defendant, (Building), did not purchase, contract for or agree to pay the Plaintiff for the matters and things alleged in the Complaint."

The complaint seeks to recover $18,892.26 with interest from 7 July 1966, being the amount contracted to be paid by the defendant Restaurant. The judgment by default final entered by the trial court gave the plaintiff judgment for this amount against the defendant Building as well as against the defendant Restaurant. There is no specific allegation that the defendant Building assumed this indebtedness or succeeded to the liabilities of the defendant Restaurant. While there is an allegation that the defendant Building "purchased all the shares of stock in the corporation (Restaurant) . . . knowing at the time of the purchase of said stock that (Restaurant) was in complete default of said Conditional Sales

Contract herein referred to", there is no allegation that thereafter there was a reorganization, consolidation, amalgamation, or union between the two corporations, and no sufficient allegation to assert an implied assumpsit or fraud or a trust fund doctrine or other situation to make the defendant Building become the debtor to the creditors of the defendant Restaurant. *c.f. Begnell v. Coach Lines,* 198 N.C. 688, 153 S.E. 264.

There is no allegation that Restaurant is no longer in existence. In fact, process was served on it and a judgment obtained against it.

There is an allegation to the effect that the defendant Building "has succeeded to all obligations of (Restaurant) to this Plaintiff under said Conditional Sales Contract," but no allegation that defendant has become obligated on the note or other evidence of the purchase price.

The allegations of the complaint in this case may be sufficient to establish the right of the plaintiff to seek possession of the merchandise involved. Whether the allegations of the complaint are sufficient to justify a judgment against the defendant Building for the amount of the original purchase price of $18,892.26 with interest thereon from 7 July 1966, which the plaintiff seeks to recover from the defendant Building, and judgment for which was rendered in the trial court, we do not decide.

It suffices for this decision that the demurrer raises a question fit for consideration or discussion; therefore, it cannot be considered frivolous. *Bank v. Duffy, supra.*

[4]     The demurrer having been timely filed and not being frivolous, we hold that it should be passed upon on its merits. Until that is done and the demurrer disposed of, the time for filing an answer has not expired.

Error and

Remanded.

MALLARD, C.J., and MORRIS, J., concur.